IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADELAIDA ANDERSON and JEFF ANDERSON,<br><br>                Plaintiffs,<br><br>v.<br><br>RAYMOND CORPORATION,<br><br>                Defendant. | Case No. 3:19-CV-00800-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of Defendant's Motion for Summary Judgment (Doc. 79) to which Plaintiffs responded (Doc. 111). Counsel for both Plaintiffs and Defendant also participated in oral arguments related to this submission on May 20, 2021. For the reasons set forth below, the Court denies the motion.

## FACTUAL BACKGROUND

Plaintiffs Adelaida Anderson and Jeff Anderson are seeking damages from Defendant Raymond Corporation in connection with an accident that occurred on July 29, 2017. While operating a Raymond Model 4250 standup forklift, Plaintiff Adelaida Anderson's leg was trapped and tragically severed. Defendant Raymond Corporation has filed this Motion in an effort to eliminate some or all of Plaintiffs' claims.

## APPLICABLE LAW AND LEGAL STANDARDS

Motions for summary judgment are governed by Federal Rule of Civil Procedure

56. "Summary judgment is proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010); FED. R. CIV. P. 56(c).

## ANALYSIS

### I. Lack of Reliable Expert Testimony to Support Defect Allegations

Defendant's Motion begins by asking this Court to grant summary judgment on *all* of Plaintiffs' claims due to a lack of reliable expert testimony (Doc. 79). Defendant provides a well-researched and compelling case for a grant of summary judgment in products liability cases which lack reliable expert testimony. This does not apply to the present matter.

Defendant relies on the exclusion of several Plaintiff experts to justify its request for summary judgment. This Court has previously evaluated and ruled on Defendant's various motions to exclude expert testimony in its July 27, 2021 Order (Doc. 127). In that Order, this Court ruled that all of Plaintiffs' experts will be allowed to testify; however, Dr. Meyer will not be allowed to offer his opinion that "Raymond was negligent or that its forklift is dangerously and defectively designed because it does not come standard with a compartment door, especially one that locks or latches . . ." (Doc. 127). Even with that specific testimony excluded, Plaintiffs still meet the expert testimony burden Defendant lays out in its Motion for Summary Judgment.

Defendant's first issue on summary judgment relies entirely on its success in excluding the testimonies of Drs. Meyer and Kerrigan. Because both of these experts will be allowed to present their opinions to the jury, Defendant's first request for

summary judgment is **DENIED.**[1]

## II. Consumer-Expectation Claim as a Matter of Law

Defendants additionally seek summary judgment on Plaintiffs' "consumer-expectation claim (Count Two)" (Doc. 79). Defendant correctly states that "[u]nder the consumer-expectation test, a plaintiff must establish what an ordinary consumer purchasing the product would expect about the product and its safety." *Calles v. Scripto-Tokai Corp.*, 224 Ill. 2d 247, 864 N.E.2d 249 (2007). However, Defendant claims that Adelaida Anderson's experience and training should set the standard for what constitutes an "ordinary consumer." This is incorrect. The standard is "an objective standard based on the average, normal, or ordinary expectations of the reasonable person; it is *not dependent upon the subjective expectation* of a particular consumer or user." *Calles*, 864 N.E.2d at 249 (emphasis added). The standard does not evaluate based on the expectations of a trained forklift operator, but that of a reasonable consumer. Plaintiffs have demonstrated that purchasing a Raymond 4250 forklift is not limited to a specific class of consumer (Doc. 111), and therefore the "ordinary consumer" is not limited to a trained forklift operator.

Additionally, Plaintiffs have provided sufficient evidence to survive summary judgment on this claim. They state that their experts can provide opinions related to whether or not Raymond's forklift was more dangerous than the ordinary user might expect (Doc. 111). This disagreement between the parties is precisely the type of

---

[1] Defendant also requested that this Court grant summary judgment as to any defect theories Drs. Meyer and Kerrigan are precluded from offering. This Court has limited Dr. Meyer's testimony, but it will not grant summary judgment related to any basic defect opinions. The limit on Dr. Meyer's testimony is sufficient.

factual dispute best resolved by a jury as opposed to a judge.

Regardless of what constitutes a reasonable consumer, the undisputed facts in this matter are insufficient to lead this Court to only one conclusion. As such, whether or not the Raymond 4250 forklift is more dangerous than an ordinary consumer might expect is a question for the jury not the Court. Defendant's second request for summary judgment is **DENIED**.

### III. Punitive Damages Claim

This line of argument will be addressed by the Court in a separate order on Defendant's Partial Motion for Summary Judgment (Doc. 80).

#### CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Summary Judgment with respect to Sections I and II. The Court does not reach a decision on Section III and will render a future opinion related to Defendant's Partial Motion for Summary Judgment on the subject of punitive damages.

**IT IS SO ORDERED.**

**DATED:** September 7, 2021

<pre>                                        s/ Stephen P. McGlynn
                                        STEPHEN P. McGLYNN
                                        U.S. District Judge</pre>