THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ADELAIDA ANDERSON AND JEFF ANDERSON, | ) ) ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| vs. | ) ) | FILE NO. 3:19-cv-800-SPM |
| THE RAYMOND CORPORATION, | ) ) ) ) | |
| Defendant. | | |

**Plaintiffs' Trial Brief Regarding
<u>Raymond's "Due Care" Evidence</u>**

It is a reversible error to allow Raymond to offer evidence of due care in this strict liability case. Raymond's trial exhibits demonstrate that Raymond's defense, in this case, is based primarily, if not exclusive, on its "due care" in choosing its design. This evidence is not only irrelevant in this strict liability case, but Illinois case law requires reversal if the jury is allowed to consider evidence of Raymond's "due care," and it enters a verdict for Raymond.

1. **It is reversible error to allow Raymond to introduce evidence of "due care" in the design process.**

This case is a strict liability action brought under Illinois law. The central issue before the jury is whether Raymond's forklift has an unreasonably dangerous design that caused Mrs. Anderson's injuries. *Nave v. Rainbo Tire Services, Inc.*, 462 N.E.2d 620, 624 (1984) (*citing Suvade v. White Motor Co.*, 32 Ill. 2d 612 (1965)). As the Illinois Supreme Court has acknowledged, the manufacturer's negligence (or lack thereof) is utterly irrelevant in a strict liability case:

> The major purpose of strict liability is to place the loss caused by defective products on those who create the risk and reap the profit by placing a defective product in the stream of commerce, regardless of whether the defect resulted from the 'negligence' of the manufacturer. We believe that this purpose is best accomplished by eliminating negligence as an element in **any** strict liability action.

*Liberty Mut. Ins. Co. v. Williams Machine & Tool Co.*, 338 N.E.2d 857, 860 (Ill. 1975) (emphasis added). Thus, Raymond's due care (or lack thereof) has no place in the trial in this case.

But, not only is evidence related to Raymond's due care irrelevant, it is inadmissible:

> In strict liability cases, a defendant will be held liable for creating an unreasonably dangerous product regardless of fault…Evidence of defendant's lack of negligent conduct, or exercise of due care, is therefore irrelevant and should not be admitted…Admission of this evidence constitutes grounds for reversal if it improperly misled the jury into believing defendant could not be liable because 'it was not at fault had done nothing wrong and had exercised all due care.'

*Kwon v. M.T.D. Prods.*, 673 N.E.2d 408, 411-412 (Ill. Ct. App. 1996) (*citing Nave v. Rainbo Tire Service, Inc.*, 123 Ill. App. 3d 585, 462 N.E.2d 620 (1984)). Therefore, it is reversible error to allow Raymond to introduce evidence of "due care" in the design process if it will mislead the jury.

   **2. Raymond's evidence that it exercised "due care" in the design process will mislead the jury and must be excluded at trial.**

Raymond's exhibits do not offer any evidence as to whether its Model 4250's brake, backrest, or steered wheel designs are unreasonably dangerous. Instead, what Raymond's exhibits reveal is it intends to spend the bulk of its case-in-chief discussing how careful it is in the design process. For example, Raymond has

various exhibits related to its ATD testing, which it uses to explain why it does not have doors, a design defect that is not at issue in this case. *See, e.g.*, Trial Exhibits 512-515. In addition, Raymond intends to show a slide show of all the various "design considerations" that went into the design process. Trial Exhibit 554. Raymond has an "Open Back Design Analysis," explaining why it has an open back design without a door. Trial Exhibit 571. The Andersons will not present evidence that the forklift should have a door. So, the only purpose for this analysis is to show Raymond's "due care."[1]

This Court recently ruled that some of this evidence can come in at trial as long as it is not "excessive" or "time-consuming." This Court noted that if it becomes excessive, the Andersons can object to it. *See* Doc. 174. However, as the Illinois Court of Appeals has pointed out in *Nave,* if negligence evidence is admitted in a strict liability case, where it plays a central role in the defense offered, it is reversible error to admit this evidence.

In *Nave*, the plaintiff's husband was killed in a car accident caused by a tire blowout. *Nave*, 462 N.E.2d at 621. The plaintiff brought strict liability and breach of implied warranty claims against the tire manufacturer. *Id.* at 622. Before trial, the plaintiff moved in limine to prohibit evidence that the defendant exercised due care in retreading the subject tire; this motion was denied. *Id.* The jury ultimately returned a verdict for the defendant. The plaintiff ultimately appealed, arguing the

---

[1] The exhibits identified in this Brief are not exhaustive of every instance where Raymond offers evidence to show "due care." But, they are offered only to illustrate to the Court that Raymond intends to argue at trial that it was careful in its design choices, which is improper in a strict liability case.

3

court erred when it denied the motion in limine and admitted evidence of the defendant's good care. *Id.* at 622-623.

In Nave, the Illinois Court of Appeals reversed the defense verdict. *Id.* at 626. The *Nave* court noted that a strict liability product defect case required proof that the product had an unreasonably dangerous condition and said condition caused the plaintiff's damages. *Id.* at 624. In such a case, "the conduct of the defendant in terms of negligence is not an issue." *Id.* The *Nave* court specifically pointed out that evidence of the defendant's product testing is "irrelevant in an action based upon the theory of strict liability." *Id.* at 625. Illinois courts have long held that evidence of product testing is "irrelevant and inadmissible in a strict liability case." *Id.* (*citing McKasson v. Zimmer Manufacturing Co.*, 12 Ill. App. 3d 429 (1973) and *Taylor v. Carborundum Co.*, 107 Ill. App. 2d 12 (1969)).

Objections and limiting instructions will not undo the harm in admitting this evidence. For example, the Illinois Pattern Jury Instructions include an instruction that due care is not a defense in a strict liability case. Ill. Pattern Instr-Civil 400.10. Obviously, this instruction must be given in this case. But, even with this instruction, it is still reversible error to allow "due care" evidence from Raymond. This instruction was given in the *Nave* matter. Yet, the *Nave* court reversed the defense verdict because the jury "could have" still decided the case based on the defendant's due care.

> We are mindful of the fact the jury was properly instructed. An instruction submitted by [the plaintiff] went to the jury advising them that 'it is not a defense that the condition of the product could not have been discovered by the defendant or that care was used in the

4

> manufacture of the product.' Nevertheless, the effect of [defendant's] continual emphasis on its lack of fault or wrongdoing, the evidence it conformed to the retreading manual's standards and the judge's overruling of the objection of plaintiff's counsel as to the issue of due care, made it highly likely that the jury could have considered an improper issue in deciding the case in spite of the language in the instruction.

*Nave*, 462 N.E.2d at 626.

Raymond's exhibits demonstrate that it intends to emphasize to the jury how careful it was in the design process. And any objection the Andersons make at trial will not undue the possibility, and likelihood, that the jury will consider Raymond's due care in its deliberations.

For these reasons, Raymond's evidence that it exercised "due care" in the design process will mislead the jury and must be excluded at trial.

This 27th day of October, 2021.

                                  Respectfully submitted,

                                  WARSHAUER LAW GROUP, P.C.

                                  By: *s/Jasper V. Abbott*
                                  Jasper Abbott
                                  Georgia Bar No. 946168
                                  *Admitted Pro Hac Vice*

2740 Bert Adams Road
Atlanta, GA 30339
(404) 892-4900
(404) 892-1020 Fax

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing via electronic filing with the Clerk of Court using the CM/ECF system which will send notification to the following attorneys of record:

Francis H. LoCoco, Esq.  
Margaret K. Heitkamp, Esq.  
Husch Blackwell LLP  
511 N. Broadway, Suite 1100  
Milwaukee, WI 53202  
frank.lococo@huschblackwell.com  
margaret.heitkamp@huschblackwell.com

Chalon N. Clark, Esq.  
Husch Blackwell LLP  
1900 N. Pearl Street  
Suite 1800  
Dallas, TX 75201  
chalon.clark@huschblackwell.com

G. Patrick Murphy, Esq.  
Murphy & Murphy LLC  
3415 Office Park Drive  
Suite D  
Marion, IL 62959  
patrick@murphymurphyllc.com

This 27th day of October, 2021.

By: *s/Jasper V. Abbott*  
Jasper V. Abbott

Warshauer Law Group, P.C.  
2740 Bert Adams Road  
Atlanta, GA 30339  
(404) 892-4900  
(404) 892-1020 Fax