IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADELAIDA ANDERSON, individually, and as Administrator of the Estate of Jeffrey Lee Anderson, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> THE RAYMOND CORPORATION, <br><br> Defendant. | Case No. 19-CV-00800 |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Adelaida Anderson filed this products liability action in July 2019 for the bodily injuries she sustained while operating a forklift designed and manufactured by Defendant Raymond Corporation. (Doc. 1.) Her claims were tried to a jury in November 2021, and the jury found in favor of Raymond Corporation. Judgment was entered on November 10, 2021. (Doc. 205.)

Now pending before the Court is the Bill of Costs filed by Raymond Corporation on November 24, 2021. (Doc. 206.) In that filing, Raymond Corporation seeks to recover $17,210.75 in fees for service of summons and subpoena; transcripts; disbursements for printing; witnesses; and medical records.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court

discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

Anderson timely filed her objections to the Bill of Costs on December 8, 2021 based on statutorily permitted costs and fees in 28 U.S.C. §§ 1920 and 1821, arguing to reduce recovery to $14,223.42. (Doc. 209.) In the objection, Anderson shaved fees for things like videotaping depositions, delivery of depositions, zoom conferencing services, and witnesses. (*Id.*) On July 15, 2022, Raymond Corporation filed a notice stating that it does not oppose Anderson's proposed reduction in costs and fees, but included its original fees, which Anderson had reduced, for two witnesses in its updated calculation of $14,379.25. (Doc. 242.)

The source of disagreement between the parties are fees for the service of subpoenas and trial attendance of the two witnesses. The only fees that are recoverable as witness fees under § 1920(3) are those allowed by statute for a witness' attendance at court or a deposition. *See* 28 U.S.C. § 1821. This amounts to $40 per day, plus subsistence. *Portman v. Andrews*, 249 F.R.D. 279, 282 (N.D. Ill. 2007). Regarding the trial attendance charges, Raymond Corporation describes them as "trial attendance witness fees." (Doc. 206-1, p. 2.) It has failed to identify or document any charges for the witness' subsistence. Additionally, while the prevailing party may recover costs for using a private process server, those costs may not exceed the fees charged by the marshal. *Dishman v. Cleary*, 279 F.R.D. 460, 466 (N.D. Ill. 2012); *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The allowable cost for service of process by a marshal is $65.00 per hour plus travel costs and other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3) (eff. Oct. 30, 2013); See *Dishman*, 279 F.R.D. at 466.

Raymond Corporation failed to identify travel costs and other out-of-pocket expenses, only descibing the fees as "process service for trial subpoenas." (Doc. 206-1, p. 2.) The reduction of these fees cut the total by $155.83, bringing the total amount to $14,223.42

Accordingly, based on agreement of the parties and the Court's findings, Plaintiff Adelaida Anderson's objection is **SUSTAINED**. Defendant Raymond Corporation's Bill of Costs (Doc. 206) is **GRANTED in part** and **DENIED in part.** Anderson is **ORDERED** to pay Raymond Corporation's costs in the amount of **$14,223.42**.

**IT IS SO ORDERED.**

**DATED:   July 19, 2022**

**s/ *Stephen P. McGlynn***
**STEPHEN P. McGLYNN**
**U.S. District Judge**
