IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADELAIDA ANDERSON, individually, and as Administrator of the Estate of Jeffrey Lee Anderson, Deceased, <br><br>    Plaintiff, <br><br>v. <br><br>THE RAYMOND CORPORATION, <br><br>    Defendant. | Case No. 19-CV-00800 |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    Plaintiff Adelaida Anderson filed this products liability action in July 2019 for the bodily injuries she sustained while operating a forklift designed and manufactured by Defendant Raymond Corporation. (Doc. 1). Her claims were tried to a jury in November 2021, and the jury found in favor of Raymond Corporation. Judgment was entered on November 10, 2021. (Doc. 205). Anderson filed a Motion for New Trial, which argued, in part, that the Court's exclusion of Dr. Meyer's door opinion required a new trial. (Docs. 210, 210-1). The Court denied that motion. (Doc. 227). Anderson appealed on the ground that the Court should not have excluded Dr. John Meyer's door opinion. (Docs. 127, 228). The United States Court of Appeals for the Seventh Circuit agreed and stated "here, we have no difficulty concluding that the exclusion of Meyer's opinion could have seriously affected the jury's verdict. Meyer was the only expert Anderson offered to testify on the effect of a door, and a door was Meyer's primary alternative design suggestion. A new trial is required."

*Anderson v. Raymond Corp.*, 61 F.4th 505, 511 (7th Cir. 2023). The Court wrote in conclusion that "[t]he district court's denial of Anderson's motion for a new trial is Reversed, the judgment is Vacated, and the case is Remanded for proceedings consistent with this opinion." *Id.*

Afterwards, Raymond filed a Motion to Clarify That The Retrial Shall Be Limited to Plaintiff's Door Theory. (Doc. 261). Raymond asserted that under law of the case doctrine, the only claimed defect that Anderson should be permitted to present in the retrial of this case is the door theory. The Court denied that motion. (Doc. 274).

Now pending before the Court is Raymond's Motion for Reconsideration regarding a limited trial. (Doc. 282). "A motion to reconsider is proper where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990). Motions to reconsider serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996).

In its filing, Raymond stated that the Court should reconsider its ruling to correct a manifest error of law. Raymond disagreed that the Seventh Circuit intended for a retrial on all theories, and specifically stated that the Circuit Court's silence on its footnote suggesting a limited remand was misread by this Court. Raymond further stated that Anderson abandoned other potential claims of error on other defect

theories during trial when she did not bring them up on appeal.

As an initial observation, the Court notes that in her original motion for new trial, Anderson stated that "[t]he exclusion of Dr. Meyer's door opinion deprived the jury of considering a **separate** reason why the subject machine's design was unreasonably dangerous." (Doc. 210-1). Allowing Anderson a second bite at the apple on previous defect theories tried before a jury and rejected when it identified the disallowance of a separate and distinct door theory by the Court as the issue gives this Court pause.

Turning to Raymond's argument, it mostly abandoned its law of the case theory and instead argued that the Court should apply precedent in *Sullivan v. Flora, Inc.*, 63 F.4th 1130 (7th Cir. 2023). In that case, an artist brought a copyright infringement action against a company for using her illustrations outside of the scope of her authorization. During trial, the jury found that the company infringed on her copyrights. On appeal, the Seventh Circuit stated specifically that their opinion did not cast doubt on the jury's finding of infringement. On a second appeal, the company then argued that summary judgment was improper because the artist failed to prove that each of the illustrations was used in the unauthorized media. The Seventh Circuit stated that the new issue exceeded the scope of remand and refused to allow the company argue the issue because it did not present it to the jury. The Court quoted *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996). While Anderson focuses on the specific mandate in the original appeal in *Flora*, *Parker* is instructive here. That case involved a defendant who, in a previous appeal, obtained an order vacating his sentence on the ground that he should not have received an enhancement

for obstruction of justice and his case was remanded for resentencing. After resentencing, he again appealed. In response, the defendant raised a number of additional challenges to his sentence. The Seventh Circuit said that "the scope of the remand is not determined by formula, but by inference from the opinion as a whole" and that "[i]f the opinion identifies a discrete, particular error that can be corrected on remand without the need for a redetermination of other issues, the district court is limited to correcting that error." The Seventh Circuit rejected the defendant's arguments and found that "[t]he remand was limited to the enhancement for the obstruction of justice."

In this case, Anderson did not claim error on appeal for any of the other defect theories that the jury rejected. What is more, the Seventh Circuit's opinion expressly identified this Court's treatment of the door theory as the particular error, and impliedly, as a discrete one. The only question was whether Anderson was entitled to a trial on its door theory, and this was the only question for remand in connection Anderson's products liability suit. This is the kind of "discrete, particular error" that *Parker*, and *Flora* after, teaches to correct without throwing the whole case back to a new jury. Other Seventh Circuit precedent supports this finding. In *Rosario v. Livaditis*, a civil RICO action, the Seventh Circuit refused to grant a new trial on the issue of liability that was decided by the jury and not appealed. 963 F.2d 1013, 1022 (7th Cir. 1992) Instead, it only granted a partial new trial on the issue of damages. *Id*.

Taken together, the previous motion and the cases lead the Court to believe that there is a manifest error of law in its previous order that must be corrected.

Accordingly, Defendant Raymond Corporation's Motion for Reconsideration (Doc. 282) is **GRANTED** and retrial shall be limited to the door theory.

**IT IS SO ORDERED.**

**DATED:**   October 27, 2023

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**