IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADELAIDA ANDERSON, individually, and as Administrator of the Estate of Jeffrey Lee Anderson, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>THE RAYMOND CORPORATION,<br><br>    Defendant. | Case No. 19-CV-00800 |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Adelaida Anderson filed this products liability action in July 2019 for the bodily injuries she sustained while operating a forklift designed and manufactured by Defendant Raymond Corporation. (Doc. 1). Her claims were tried to a jury in November 2021, and the jury found in favor of Raymond Corporation. Judgment was entered on November 10, 2021. (Doc. 205). Anderson filed a Motion for New Trial, which argued, in part, that the Court's exclusion of Dr. Meyer's door opinion required a new trial. (Docs. 210, 210-1). The Court denied that motion. (Doc. 227). Anderson appealed on the ground that the Court should not have excluded Dr. John Meyer's door opinion. (Docs. 127, 228). The United States Court of Appeals for the Seventh Circuit agreed and stated "here, we have no difficulty concluding that the exclusion of Meyer's opinion could have seriously affected the jury's verdict. Meyer was the only expert Anderson offered to testify on the effect of a door, and a door was Meyer's primary alternative design suggestion. A new trial is required."

*Anderson v. Raymond Corp.*, 61 F.4th 505, 511 (7th Cir. 2023). The Court wrote in conclusion that "[t]he district court's denial of Anderson's motion for a new trial is Reversed, the judgment is Vacated, and the case is Remanded for proceedings consistent with this opinion." *Id.*

Afterwards, Raymond filed a Motion to Clarify That The Retrial Shall Be Limited to Plaintiff's Door Theory. (Doc. 261). Raymond asserted that under law of the case doctrine, the only claimed defect that Anderson should be permitted to present in the retrial of this case is the door theory. The Court denied that motion. (Doc. 274). Raymond then filed a Motion for Reconsideration (Doc. 282). The Court granted that motion. (Doc. 327).

Now pending before the Court is Anderson's Motion for Reconsideration regarding the Court's last order on Raymond's motion for reconsideration. (Doc. 330). "A motion to reconsider is proper where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Motions to reconsider serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996).

First off, because motions for reconsideration are generally disfavored, see *Bank of Waunakee*, 906 F.2d at 1191; Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4478 (2nd ed. 2002), a second motion for reconsideration is

doubly so. The Court made its decision, and this horse has been beat several times postmortem. That said, Anderson's request for the Court to find manifest error in its previous finding of manifest error is fatally flawed for several reasons. As explained in more detail in Raymond's brief (Doc. 334):

1. The previously agreed upon jury instructions do not aggregate the conditions and do not invite the jury to do so. They do not instruct the jury to consider the "total relevant risk" of the two previously deliberated conditions combined.
2. Illinois law states that to recover for a product liability claim, a plaintiff must "prove that the injury complained of resulted from **a condition** of the product, that **the condition** was unreasonably dangerous, and that it existed at the time the product left the manufacturer's control." *Mikolajczyk v. Ford Motor Co.*, 231 Ill. 2d 516, 525 (2008) (citing *Sollami v. Eaton,* 201 Ill.2d 1, 7 (2002)).
3. The separate alternative designs for the previously deliberated conditions do not overlap.

While Anderson's additional request for clarification can be addressed in greater detail at the final pretrial conference, the Court makes clear here that Anderson cannot make arguments about "risks" that are separate from the sole condition at issue in the upcoming trial, nor shall she add contention or context that hints at risk to other parts of the forklift beyond the sole condition at issue in the upcoming trial.

Accordingly, Plaintiff Adelaida Anderson's Motion for Reconsideration (Doc. 330) is **DENIED**. The trial shall remain limited to the door theory.

    IT IS SO ORDERED.

    DATED:   December 20, 2023

                                     *s/ Stephen P. McGlynn*
                                     **STEPHEN P. McGLYNN**
                                     **U.S. District Judge**