**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

ADELAIDA ANDERSON, Individually, and as Administrator of the Estate of JEFFREY LEE ANDERSON,

Plaintiffs,

v.

THE RAYMOND CORPORATION,

Defendant.

Case No. 3:19-cv-00800-SPM

---

**DEFENDANT THE RAYMOND CORPORATION'S TRIAL BRIEF REGARDING SPOLIATION AND PLAINTIFF'S JURY INSTRUCTION NO. 18**

---

**INTRODUCTION AND FACTUAL AND PROCEDURAL BACKGROUND**

Defendant The Raymond Corporation ("Raymond") produced the accident report that relates to Plaintiff Adelaida Anderson's ("Ms. Anderson") accident. Defendant also produced approximately three dozen other accident reports, purporting to involve other accidents, other operators, other 4000 series lift trucks (Models 4150 and 4250), and accident sites. *See* Defendant's Exhibit 606[1]; Dkt. No. 267 ¶ 7. The accident reports produced by Raymond constitute all accident reports in Raymond's possession as of December, 2020 when Plaintiff's counsel sent a preservation demand regarding accident reports, through July, 2020, which purportedly involved a 4000 series truck, a foot/leg injury or off-dock/tipover event, and which pre-dated Ms. Anderson's accident. *Id.*

In discovery, Raymond produced these accident reports in response to requests for production from Plaintiff, subject to a number of objections. Plaintiff never filed a motion to compel the production of accident reports from after Ms. Anderson's accident, or to compel the production of accident reports involving other types of lift trucks. Indeed, Plaintiff never even engaged in any meet and confer efforts regarding accident reports after the production of the reports here. Dkt. No. 267 ¶ 14.

Notwithstanding the lack of any follow-up discovery engagement on this topic, Plaintiff now asks the Court to give the jury an adverse inference instruction (Plaintiff's Jury Instruction No. 18). Plaintiff's spoliation allegations relate exclusively to her hypothesis that Raymond was required to preserve, and she was entitled to discover, an unknown number of accident reports from before December 2014, that involved different lift trucks and models, and different locations, and describe other accidents with varying levels of detail sourced through multiple layers of hearsay, which were purged pursuant to a 30+ year old company-wide document retention policy

[1] The accident reports involving the model 4250 have been marked as trial exhibit 606.

prior to her lawyer's preservation demand regarding other accident evidence.

Plaintiff's requested adverse inference instruction must be refused for two reasons: (1) the Court denied it once and Plaintiff waived it twice; and (2) there is **zero** evidentiary support to find spoliation. Raymond requests the Court refuse Plaintiff's Instruction No. 18, as further explained below.

## I. THIS ISSUE HAS BEEN DENIED AND WAIVED (OVER AND OVER).

This issue was first raised by Plaintiff in her Motion to Amend Complaint and for Sanctions. Dkt. No. 71. At page 16-19, Plaintiff asked this Court to sanction Raymond including give an adverse inference instruction. Raymond opposed the motion (Dkt. No. 78), and the Court denied the motion, in its entirety (Dkt. No. 150). The Court refused to allow Plaintiff to amend the Complaint because the request was untimely. Dkt. No. 150 at 2-4. Then, it denied Plaintiff's request for sanctions in its entirety, stating:

> Plaintiffs further seek to impose sanctions on Defendant for the alleged spoilation of evidence. Demonstrating that evidence was destroyed in bad faith "is a prerequisite to imposing sanctions for the destruction of evidence." *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). Furthermore, sanctions are "proper only where the party has a duty to preserve evidence because it knew, or should have known that litigation was imminent." *Id.* Plaintiffs' motion fails to conclusively establish facts necessary for such a severe punishment; **it presents no allegations that Defendant destroyed any accident reports related to Adelaida Anderson's specific accident nor does it present any evidence that Defendant's document retention was done in bad faith** (Doc. 71).

Dkt. No. 150 at 4 (emphasis added). Nothing has changed, and this Court's order was not appealed and is thus waived and not part of remand. *Sullivan v. Flora, Inc.*, 63 F.4th 1130, 1138 (7th Cir. 2023).

Even if Plaintiff's failure to appeal this Court's Order (Dkt. No. 150) somehow does not constitute waiver, Plaintiff waived this issue during discussions of jury instructions at the first trial. Plaintiff proposed a spoliation instruction, but **withdrew** it:

> THE COURT: All right. Number 18, the accident report, destroying records. What evidence do we have that the jury could conclude the -- what's the basis --
>
> MR. ABBOTT: Your Honor, we will withdraw the instruction.

Dkt. No. 219 at 1070:8-12. Thus, the issue was non-appealable.

Then, Plaintiff asked for a spoliation instruction for a ***third*** time when she "renewed" the previously denied Motion to Amend the Complaint and for Sanctions. Dkt. No. 262 at 7-10. She later withdrew this "Renewed" Motion. Dkt. No. 205 ("Motion to Amend/Correct [262] is withdrawn by Plaintiffs.").

The Court should give no further consideration to the waived spoliation issue, and the proposed Plaintiff's Instruction No. 18.

## II. THE EVIDENCE DOES NOT SUPPORT GIVING A SPOLIATION INSTRUCTION

Substantively, the Court must start from the premise that "there is ***no duty*** to preserve evidence," *Martin v. Keeley & Sons, Inc.*, 2012 IL 113270, ¶ 27, 979 N.E.2d 22 (citing *Boyd v. Travelers Ins. Co.*, 166 Ill. 2d 188, 195, 652 N.E.2d 267, 270 (1995), as modified on denial of reh'g (June 22, 1995)), and that document retention policies are generally permissible. *Arthur Andersen LLP v. United States*, 544 U.S. 696, 704 (2005). Illinois recognizes a few exceptions:

> In *Boyd*, we set forth a two-prong test which a plaintiff must meet in order to establish an exception to the general no-duty rule. [] Under the first, or "relationship," prong of the test, a plaintiff must show that an agreement, contract, statute, special circumstance, or voluntary undertaking has given rise to a duty to preserve evidence on the part of the defendant. [] Under the second, or "foreseeability," prong of the *Boyd* test, a plaintiff must show that the duty extends to the specific evidence at issue by demonstrating that "a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action." [] If the plaintiff fails to satisfy both prongs of the *Boyd* test, the defendant has no duty to preserve the evidence at issue. []

*Martin v. Keeley & Sons, Inc.*, 2012 IL 113270, ¶ 27, 979 N.E.2d 22, 28 (citations omitted).

Neither is satisfied here.

## A. <u>Prong One – No Duty By Virtue of a "Special Circumstance" or Otherwise</u>

In prior briefing, Plaintiff argued that Raymond owed a duty to preserve ***all*** accident reports related to any Raymond lift truck in perpetuity because there are a number of "special circumstances" that have created such a duty. Doc. 262 at 13-14. Plaintiff claims her December 2019 "request" to preserve evidence, "notice of potential litigation," and "awareness of prior litigation where the evidence was material," all imposed a duty to preserve accident reports, and she relies on three cases claiming these are special circumstances. *Id.* None hold water.

Plaintiff argued *Schafer v. Universal Scaffolding & Equipment, LLC*, 839 F.3d 599, 608 (7th Cir. 2016), stands for a broad proposition that a plaintiff's request to a defendant to preserve evidence is a special circumstance that creates a duty to preserve. *See* Doc. 262 at 13-14. *Schafer* involved a workplace accident and the defendants' subsequent duty to preserve the specific piece of scaffolding that was alleged to have caused that accident. 839 F.3d 599, 608 (7th Cir. 2016). The court held that the plaintiff's discovery requests to the defendants seeking information about the piece of scaffolding created a duty on the defendants to preserve the scaffolding. *Id.* at 609-610. The court did not address any broader scope. *See id.* at 608-610.

To the extent *Schafer* applies, Raymond satisfied any obligation it may impose. Raymond took steps to preserve accident reports after receiving the December, 2019 demand letter and produced all accident reports then in existence when a discovery request eventually came months later for their production. *See* Dkt. Nos. 267 ¶¶ 6-7, 267-2. *Schafer* offers nothing about a backward-looking duty regarding documents that were not preserved as of the date the letter was received. Also, the specific accident report involving Ms. Anderson's accident had already been preserved.

Plaintiff also relied on *Awalt v. Marketti*, 74 F. Supp. 3d 909 (N.D. Ill. 2014) and *Leach v. Shaffer*, No. 16-CV-634, 2019 WL 5874220 (S.D. Ill. July 15, 2019), claiming notice of potential

litigation or "awareness of prior litigation where evidence was material" are also so-called special circumstances that create a duty to preserve evidence. Doc. 262 at 14. Yet both of these cases involve failure to preserve surveillance video of the ***actual incident that was the subject of litigation***. In *Awalt v. Marketti*, the defendants destroyed the surveillance video following a detainees' death at the jail. 74 F. Supp. 3d at 945. The Court determined that the plaintiff's raising of formal grievances and medical complaints while he was detained put the defendants on notice of their duty to preserve the video. *Id.* at 946. In *Leach v. Shaffer*, the defendant failed to preserve surveillance video from cameras outside the plaintiff's holding cell in a jail after he experienced a prolonged medical emergency. 2019 WL 5874220, at *1. The court recognized a duty to preserve the video from outside the cell based on "aware[ness] of other situations where inmates in the care of the [jail] initiated litigation after being denied medical treatment . . . ." *Id.* at *2. This awareness created special circumstances triggering a duty to preserve the ***accident-specific*** evidence at issue. *Id.* These cases have nothing to do with evidence about *other accidents* at issue here. Again, the accident report purportedly related to Ms. Anderson's accident was produced. Defendant's Exhibit 606 at 3-4.

Other cases cited by Plaintiff in support of their request for sanctions based on a duty to preserve also related to evidence that was the subject of the specific claims. *See, e.g. Cincinnati Ins. Co. v. Progress Rail Servs. Corp.,* No. 4:19-CV-04200, 2021 WL 4975727, at *2, 7 (C.D. Ill. Oct. 26, 2021) (dismissing suit as a sanction for spoliation when the plaintiff disposed of a turret punch alleged to have caused a power outage **that was the subject of the plaintiff's claims**, along with all of the turret punch's associated computer equipment and operations, maintenance, and inspection documents); *Amcor Flexibles, Inc. v. Illinois Com. Comm'n*, 2016 IL App (1st) 152985-U, ¶¶ 53–72 (excluding evidence of party's testing of an electric meter **that was the basis of the**

**litigation** after the party discarded the meter before the other had a chance to inspect it); *Shimanovsky v. Gen. Motors Corp.*, 181 Ill. 2d 112, 119-120, 128-129, 692 N.E.2d 286 (1998) (holding that a sanction other that dismissal was appropriate when plaintiffs conducted pre-suit testing of the power steering mechanism **alleged to have caused plaintiff's injuries in a car accident** that altered or partially destroyed the power-steering components **at issue**).

The cases Plaintiff relied upon previously to argue the Court should find a duty imposed no duty on the jails to preserve surveillance video of each and every incident that ever occurred, in perpetuity, in case a plaintiff in future litigation wanted to allege a pattern and practice claim against the jail. Yet, that is essentially what Plaintiff wants this Court to do here. Indeed, the existing law provides precisely the opposite. *Martin*, 2012 IL 113270, ¶ 27; *Arthur Andersen LLP*, 544 U.S. at 704.

Plaintiff also cannot point to any contract or agreement whereby Raymond agreed to preserve accident reports in perpetuity for her benefit. No such agreement exists.

Finally, Plaintiff cannot cite any statute that requires Raymond to preserve accident reports. Unlike automobile manufacturers who have an obligation under 49 C.F.R. §§ 576.5 & 576.6 to maintain accident reports for 5 years, no similar regulation applies to lift truck manufacturers. Instructive here, even OSHA only requires employers to maintain accident records for 5 years. 29 CFR 1904.33(a). Raymond anticipates that Plaintiff may point to the conclusory testimony of Dr. Meyer claiming that in his opinion or experience some companies collect and keep accident reports for the life of the product (1/9/24 Trial Tr. at 56:16-24), but this falls far short of a statute. He did not even cite or reference any engineering standard for his assertions, let alone a statute.[2]

Fundamentally, Plaintiff cannot show any basis under prong one to establish a duty for

[2] Indeed, Plaintiff's counsel has sued Crown Equipment making similar defect allegations about the open back even though Crown utilizes a different document retention policy.

Raymond to preserve accident reports of any kind for Ms. Anderson prior to December, 2019, and no evidence that Raymond did not in fact preserve accident reports after December, 2019.

**B. Prong Two – No Duty Based on "Foreseeability"**

Plaintiff argues that based on the "foreseeability" prong of the Illinois spoliation test, Raymond had a duty to preserve accident reports in perpetuity for Ms. Anderson's benefit. Plaintiff asserts that Raymond has been "aware" that accident reports are "relevant, and therefore discoverable, in products liability litigation involving forklifts" for more than thirty years. Doc. 262 at 16. She bases this assertion on two cases which date back to 1991 and 1995 involving cases against Raymond and accident reports. *Id.* at 16-17.

To be clear, neither case cited by Plaintiff imposed on Raymond a duty to preserve accident records in perpetuity. Instead, in *Barrett v. Raymond Corp.*, the court allowed the plaintiff to introduce at trial a summary of the information in the accident reports Raymond had produced "**over a five year period**," which the appellate court confirmed was sufficient to serve plaintiff's intended purpose. 1991 Tenn. App. LEXIS 38, *3-4 (Tenn. Ct. App. Jan. 24, 1991) (emphasis added). This has nothing to do with backward-looking retention, and certainly does not rise to the level of imposing a duty in perpetuity to preserve the records for all future litigation.

Similarly, in *Ogden v. Raymond Corp.*, the plaintiff requested ten years of accident reports, of which many did not exist due to Raymond's document retention policy. 1995 Ohio App LEXIS 5796, *14-15 (Ohio Ct. App. Dec. 27, 1995). The court determined in that case that accident reports "**that were in [Raymond's] possession** were properly discoverable." *Id.* *17 (emphasis added). Again, nothing to do with creating a duty to preserve forever the reports for future litigants.

Neither case supports a wholesale abandonment by this court of Illinois law which imposes no duty to preserve evidence, generally, *Martin*, 2012 IL 113270, ¶ 27, or precedent from the U.S. Supreme Court acknowledging that document retention policies are permitted, *Arthur Andersen*

*LLP*, 544 U.S. at 704. Plaintiff's foreseeability argument fails to establish a duty to preserve accident reports prior to December, 2019 (i.e. to preserve accident reports that pre-date December, 2014).

**C. <u>Nothing Supports an Adverse Inference Instruction.</u>**

Plaintiff's Instruction No. 18 is based on the Illinois Pattern Jury Instruction 5.01, which according to the comments is appropriate only when the trial court determines "that in all likelihood a party would have produced the witness/document under the existing facts and circumstances except for the fact that the testimony/contents would be unfavorable." IPI 5.01, Notes on Use (citing *Tuttle v. Fruehauf Corp.*, Ill.App.3d 835, 462 N.E.2d 645, 78 Ill.Dec. 526 (1st Dist. 1984)). The Comment to IPI 5.01 states: "This is an evidentiary instruction dealing with failure to produce evidence. This instruction is not intended to be an issue or burden of proof instruction dealing with spoliation." *Id.* (citing *Dardeen v. Kuehling et al.*, 213 Ill.2d 329, 821 N.E.2d 227, 290 Ill.Dec. 176 (2004)).

Additionally, where there is a reasonable excuse for the inability to produce the evidence, it is not proper to give the instruction. *Singh v. Air Illinois, Inc.*, 165 Ill. App. 3d 923, 934, 520 N.E.2d 852, 859 (1st Dist. 1988). Here, the other accident reports that pre-date 2014 would have been purged pursuant to Raymond's 30+ year old, company-wide document retention policy. They were not purged to destroy evidence that Raymond had any reason to believe Ms. Anderson would be entitled to obtain in this case in discovery.

All of the examples in the IPI Comment of where this pattern instruction was properly included related to evidence specifically about the claim at issue, i.e. here that would be Ms. Anderson's accident report. The examples demonstrate that IPI 5.01 just does not fit this situation. Again, the report purporting to describe Ms. Anderson's accident **<u>was produced</u>.**

Plaintiff fares no better under the federal rules. This is because the Seventh Circuit clearly requires both a **duty** to preserve evidence, and **bad faith** in destroying it. *Lewis v. McLean*, 941 F.3d 886, 892 (7th Cir. 2019) ("For an adverse-inference instruction to be given, [the plaintiff] needed to establish *both* a duty to preserve and destruction in bad faith.") (emphasis in original). As described above at length, there is no evidence that supports finding a Raymond had a duty to preserve accident reports having nothing to do with Ms. Anderson's accident, at least before her lawyer sent an overbroad preservation demand. And there is no evidence that Raymond did not preserve accident reports after receiving the overbroad demand, but before producing records in this case. And as this Court previously decided and which Plaintiff did not appeal and thus waived: Plaintiff has no "**evidence that Defendant's document retention was done in bad faith**." Dkt. No. 150 at 4 (emphasis added).

Finally, the accident reports themselves are inadmissible hearsay. Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). "Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R. Evid. 802. Moreover, "hearsay within hearsay" is inadmissible unless "each part of the combined statements conforms with an exception to the [hearsay] rule." Fed. R. Evid. 805. Therefore, even if a hearsay exception covers one of the layers, the reports always contain multiple layers of hearsay with each layer of hearsay requiring Plaintiff to show an applicable exception to be admissible.

Destruction of inadmissible evidence results in no prejudice, and therefore cannot be the basis for an adverse inference instruction. *Northern Assur. Co. v. Ware*, 145 F.R.D. 281, 283 (D. Maine 1993); *Mayes v. Black & Decker (U.S.), Inc.*, 931 F. Supp. 80, 83 (D. N.H. 1996)).

Inadmissibility ends the adverse inference instruction inquiry.

Plaintiff previous relied on *Allstate v. Sunbeam,* 53 F.3d 804 (7th Cir. 1995) to support her argument that the most severe sanctions were warranted. *Allstate*, like all the other cases Plaintiff cites, bears no resemblance to the circumstances here. In *Allstate*, the Seventh Circuit affirmed dismissal as a sanction for spoliation by the plaintiff in a product liability case. The plaintiff was an insurer bringing a subrogation claim on behalf of its insured based on allegations that a defective grill caused a house fire. *Id.* at 805. The plaintiff failed to preserve a propane cylinder found near the grill. *Id.* The Court dismissed the case as a sanction for the spoliation because of the potential that **the cylinder might have caused the accident**. *Id.* at 807. The accident reports at issue are not evidence about Ms. Anderson's accident. *Allstate* is simply inapposite to any issue this Court needs to consider.

Plaintiff fails to support her request for an adverse inference instruction.

## CONCLUSION

Raymond respectfully requests this Court refuse Plaintiff's Instruction No. 18, or any spoliation-related instruction.

Dated this 16th day of January, 2024.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

BY: /s/ Francis H. LoCoco
Francis H. LoCoco

**HUSCH BLACKWELL LLP**
Francis H. LoCoco
Margaret K. Heitkamp
511 N. Broadway, Suite 1100
Milwaukee, WI 53202
Ph: 414-978-5305
Fax: 414-223-5000
Frank.LoCoco@huschblackwell.com
Margaret.Heitkamp@huschblackwell.com

**MURPHY & MURPHY LLC**
G. Patrick Murphy
3415 Office Park Drive, Suite D
Marion, IL 62959
Ph: 618-248-3236
Fax: 618-248-3239
gpatrick@murphymurphyllc.com

*Attorneys for Defendant The Raymond Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2024, I served **THE RAYMOND CORPORATION'S TRIAL BRIEF REGARDING SPOLIATION AND PLAINTIFF'S JURY INSTRUCTION NO. 18** on the following attorneys for Plaintiff by filing the same via the court's ECF system, which will deliver the same:

Frank J. McCoy, Jr.
McCoy & McCoy, LLC
20 Church St., 17th Floor
Hartford, CT 06103
efile@mccoymccoy.com

Michael J. Warshauer
Trent Shuping
Natalie S. Woodward
Warshauer Woodward Atkins, LLC
2740 Bert Adams Road NW
Atlanta, GA 30339
mwarshauer@warlawgroup.com
tss@warlawgroup.com
natalie@warlawgroup.com
larkin@warlawgroup.com

/s/ Francis H. LoCoco
Francis H. LoCoco
*Attorney for Defendant*
*The Raymond Corporation*