Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

It is your duty to resolve this case determining the facts based on the evidence and following the law given in the instructions. Your verdict must not be based upon speculation, prejudice, or sympathy.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions, I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

In this case, Raymond, the defendant, is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

I have taken judicial notice of certain facts. You must accept those facts as proved. Here are the facts I have taken judicial notice of:

- On July 29, 2017, a lift truck accident occurred at a FedEx Supply Chain warehouse in Effingham, Illinois, involving Plaintiff Adelaida Anderson and a Model 4250 standup, counterbalanced lift truck manufactured by Defendant Raymond.

- Ms. Anderson was operating the lift truck at the time of the accident.

- Ms. Anderson's left foot made contact with the lift truck's steer wheel outside the operator compartment.

- Ms. Anderson received a serious bodily injury as a result of the accident.

- The total of past and future lost wages and medical expenses, and household services, is $2,845,776.00.

- There had been no substantial changes to the lift truck from the time it left Raymond's control until the time of the injury.

- At the time Ms. Anderson was injured on July 29, 2017, until the time of his death on February 9, 2022, Jeff Anderson was the husband of Ms. Anderson.

During the trial, certain testimony was presented to you by the reading of, or playing video of, depositions. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

1. the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

2. the witness's memory;

3. any interest, bias, or prejudice the witness may have;

4. the witness's intelligence;

5. the manner of the witness while testifying; and

6. the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by the parties or witnesses under oath before trial as evidence of the truth of what they said in the earlier statements, as well as in deciding what weight to give their testimony.

If you decide that, before the trial, one of these witnesses made a statement not under oath, or acted in a manner, that is inconsistent with his or her testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

If you decide that Ms. Anderson has proven all the propositions of her case, then it is not a defense that due care was used in the design of the product.

When I use the expression "unreasonably dangerous," I mean that the risk of danger inherent in the design outweighs the benefits of the design when the product is put to a use that is reasonably foreseeable considering the nature and function of the product.

Adelaida Anderson claims that she was injured while operating a Model 4250 standup, counterbalanced forklift truck manufactured by The Raymond Corporation. She claims there existed in the Model 4250 forklift at the time it left the control of The Raymond Corporation a condition which made the Model 4250 forklift unreasonably dangerous in the following respect:

The open-back operator compartment design on the model 4250.

The Estate of Jeff Anderson claims Jeff Anderson sustained damages for loss of consortium because of the injuries to his wife that were caused by the foregoing dangerous condition of the forklift, from the time of his wife's injuries to the time of his death.

The Raymond Corporation, denies:

1. That the claimed condition of the Model 4250 forklift made it unreasonably dangerous;
2. That the claimed condition of the Model 4250 forklift was a proximate cause of either plaintiff's injuries; and
3. That either plaintiff was injured to the extent claimed.

The Raymond Corporation also claims that Adelaida Anderson failed to exercise ordinary care for her own safety in the operation of the forklift in that she failed to follow The Raymond Corporation's instructions and the training she received in one or more of the following ways:

1. She failed to keep the forklift under control; and
2. She left the confines of the operating compartment while the forklift was still moving.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Adelaida Anderson has the burden of proving each of the following propositions as to any one of the conditions claimed by her:

First, that the condition claimed by her as stated to you in these instructions existed in the Model 4250 forklift;

Second, that the condition made the Model 4250 forklift unreasonably dangerous;

Third, that the condition existed at the time the Model 4250 forklift left the control of the Raymond Corporation;

Fourth, that she, Adelaida Anderson, was injured.

Fifth, that the condition of the Model 4250 forklift was a proximate cause of her injuries.

If you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for The Raymond Corporation. But if, on the other hand, you find from your consideration of all the evidence that each of these propositions has been proved, then you must consider The Raymond Corporation's claim that Adelaida Anderson failed to exercise ordinary care for her own safety while operating the Model 4250 forklift.

As to that claim, The Raymond Corporation has the burden of proving the following propositions:

A. Adelaida Anderson failed to follow The Raymond Corporation's instructions and the training she received in one or more of the following ways:

   1. She failed to keep the forklift under control; or

   2. She left the confines of the operating compartment while the forklift was still moving.

B. And, that Adelaida Anderson's failure to follow The Raymond Corporation's instructions and the training she received in one or both of the ways claimed by The Raymond Corporation was a proximate cause of her injuries.

If you find from your consideration of all the evidence that Adelaida Anderson has proved all the propositions required of her and that The Raymond Corporation has not proved all of the propositions it is required to prove, then your verdict should be for Adelaida Anderson.

If you find from your consideration of all the evidence that The Raymond Corporation has proved all of the propositions it is required to prove, and if you further find that Adelaida Anderson's fault in failing to exercise ordinary care for her own safety was more than 50% of the total proximate cause of the injuries or damages for which recovery is sought, then your verdict should be for The Raymond Corporation.

If you find from your consideration of all the evidence that Adelaida Anderson has proved all the propositions required of her and that The Raymond Corporation has proved all of the propositions it is required to prove, you will apportion the percentage of the proximate cause attributable to Adelaida Anderson and The Raymond Corporation. If you find that Adelaida Anderson's failure to exercise ordinary care for her own safety was more than 50% of the total proximate cause of the injury for which recovery is sought, then your verdict should be for The Raymond Corporation.

If you find that Adelaida Anderson's failure to exercise ordinary care for her own safety was 50% or less of the total proximate cause of the injuries for which recovery is sought, then your verdict should be for Adelaida Anderson, and you will determine the damages she sustained from the accident reduced by the percentage of her fault for failure to exercise ordinary care for her own safety in the operation of the forklift.

If you find that Adelaida Anderson is entitled to recover damages from The Raymond Corporation, you must also consider whether the Estate of Jeff Anderson has proved that he is entitled to damages for loss of consortium, reduced by the percentage of her fault for failure to exercise ordinary care for her own safety in the operation of the forklift, from the time of Adelaida Anderson's injury to the time of his death.

It was the duty of Adelaida Anderson, before and at the time she was injured, to use ordinary care for her own safety. Adelaida Anderson was contributorily negligent if (1) she failed to use ordinary care for her own safety while operating the forklift and (2) her failure to use such ordinary care was a proximate cause of her injury.

Adelaida Anderson's contributory negligence, if any, which is 50% or less of the total proximate cause of the injury or damage for which recovery is sought, does not bar her recovery. However, the total amount of damages to which she and the Estate of Jeff Anderson would otherwise be entitled is reduced in proportion to the amount of Adelaida Anderson's negligence. This is known as comparative negligence.

If Adelaida Anderson's contributory negligence is more than 50% of the total proximate cause of the injuries for which recovery is sought, The Raymond Corporation shall be found not liable.

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

When I use the words "ordinary care," I mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

If you decide for the defendant on the question of liability, you will have no occasion to consider the question of damages.

If you decide for Ms. Anderson on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate Ms. Anderson for any of the following elements of damages proved by the preponderance of the evidence to have resulted from the unreasonably dangerous condition of the Model 4250 forklift. You should take into consideration the nature, extent, and duration of the injury.

With respect to Ms. Anderson's claims you should consider:

1. the disfigurement resulting from the injury;

2. the loss of normal life experienced and reasonably certain to be experienced in the future;

3. the increased risk of future harm resulting from the injury;

4. the pain and suffering experienced, and reasonably certain to be experienced in the future, as a result of the injuries;

5. the emotional distress experienced and reasonably certain to be experienced in the future; and

6. The stipulated amount of economic damages for past medical care in the amount of $870,776.00, the past and future wage loss in the amount of 675,0000.00 and the future medical expenses and household services in the amount of $1,300,000.00 equaling $2,845,776.00 in total economic losses. (Raymond's stipulation to these amounts is not to be construed by you as an admission of liability or responsibility for any of these damages or any other damages for which Plaintiff may provide evidence. Raymond specifically denies that it is liable or responsible for any of the damages claimed by the Plaintiff. This Stipulation was entered to simplify the case so that Plaintiff did not have to present evidence on these amounts.

Whether any of these elements of damages, other than the stipulated economic damages, has been proved by the evidence is for you to determine.

When I use the expression "loss of a normal life," I mean the temporary or permanent diminished ability to enjoy life. This includes a person's inability to pursue the pleasurable aspects of life.

To compute damages for increased risk of future harm only, you must multiply the total compensation to which the plaintiff would be entitled if falls were certain to occur by the proven probability that falls will in fact occur.

If you find that Ms. Anderson is entitled to damages arising in the future because of injuries, you must determine the amount of these damages which will arise in the future. If these damages are of a continuing nature, you may consider how long she will continue. If these damages are permanent in nature, then in computing these damages you may consider how long Ms. Anderson is likely to live.

With respect to future medical expenses and loss of earnings, the parties have stipulated to that amount.

According to a table of mortality in evidence, the life expectancy of a woman aged 56 years is 27.4 more years. This figure is not conclusive. It is the average life expectancy of women who have reached the age of 56. It may be considered by you in connection with other evidence relating to the probable life expectancy of Ms. Anderson in this case, including evidence of her occupation, health, habits, and other activities, bearing in mind that some persons live longer and some persons less than the average.

If you decide for the Estate of Jeff Anderson on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate the Estate of Jeff Anderson for any of the following elements of damages arising out of injuries to Jeff Anderson's wife, Adelaida Anderson, proved by the evidence to have resulted from the unreasonably dangerous condition of the Model 4250 Raymond forklift. Here are the elements of damage you should consider:

1. The reasonable value of the services of his wife of which Jeff Anderson was deprived from the time of Adelaida Anderson's injury to his death.

2. The reasonable value of the society, companionship and sexual relationship with Jeff Anderson's wife of which he was deprived from the time of Adelaida Anderson's injury to his death.

Whether any of these elements of damages has been proved by the preponderance of the evidence is for you to determine.

When I use the term "society" in these instructions, I mean the mutual benefits that each family member receives from the other's continued existence, including love, affection, care, attention, companionship, comfort, guidance, and protection.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you. The verdict form asks you various questions. You will discuss these questions, when you have reached unanimous agreement on the answer to a question, you will mark the appropriate answer and follow the remaining instructions on the verdict form.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.