**Joint Instruction No. 9**

(if applicable)

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

**Authority:**
7th Cir. Pattern Instr. 1.09

Given ______ Refused ________

**Joint Instruction No. 17**

**(if applicable)**

[Witness] was mentioned at trial but did not testify. You may, but are not required to, assume that [Witness's] testimony would have been unfavorable to [Ms. Anderson]/[Raymond].

**Authority:**
7th Cir. Pattern Instr. 1.19

Given ______ Refused ✓

w/d

**Plaintiff's Instruction No. 18 (previously Plaintiff's Instruction No. 17)**

Commented [A1]: Defendant Objection

Ms. Anderson contends that the Raymond Corporation has destroyed accident reports that evidence the dangers of its product. If you find that the Raymond Corporation destroyed accident reports that were in its power to produce, you may infer that the evidence would be adverse to Raymond if you believe each of the following elements:

1. The accident reports were under the control of Raymond and could have been produced by the exercise of reasonable diligence.

2. The accident reports were not equally available to Ms. Anderson.

3. A reasonably prudent person under the same or similar circumstances would have maintained the accident reports if he believed it favorable to him.

4. No reasonable excuse for the destruction of the accident reports has been shown.

**Authority:**
Illinois Pattern Jury Instruction ("I.P.I.") 5.01

Given ______ Refused __X__

reserved for ruling

**Plaintiff's Instruction No. 20 (previously Plaintiff's Instruction No. 19)**

Commented [A2]: Defendant Objection.

The Raymond Corporation has the duty to manufacture and sell a product that is not in an unreasonably dangerous condition. That duty cannot be delegated to another. It is not a defense for the Raymond Corporation that another person failed to make the product free from unreasonably dangerous conditions. When I use the phrase "cannot be delegated," I mean that the duty must be performed by the Raymond Corporation and cannot be left to some other person or entity.

**Authority:**
Ill. Pattern Instr. 400.07C

Given ______ Refused __✓__

**Plaintiff's Instruction No. 21A (previously Plaintiff's Instruction No. 20)**

Commented [A3]: Defendant Objection.

If you decide that Ms. Anderson has proven all the propositions of her case, then it is not a defense that the condition of the forklift could not have been discovered by Raymond or that due care was used in the design of the product.

**Authority: (modified slightly changing manufacture to design)**
Ill. Cir. Pattern Instr. 400.10

modified

Given ✓ Refused ______

**Plaintiff's Instruction No. 21B (previously Plaintiff's Instruction No. 24)**

Commented [A4]: Defendant Objection.

If you decide that Ms. Anderson has proved all of the elements of her case, it is not a defense that Raymond used care in the manufacture of the product.

**Authority**
Ill Pattern Instructions §400.

Given ______ Refused ✓

*Bryant v. Kroger Co.*, 212 Ill. App. 3d 335, 570 N.E.2d 1209 (3d Dist. 1991) (loss of consortium claim belongs to estate of deceased injured party)

Given ___✓___ Refused ________

*Used last time

**Plaintiff's Instruction No. 25 (previously Plaintiff's Instruction No. 26)**

Commented [A9]: Defendant Objection.

Ms. Anderson's claims are based on Raymond's failure to include a safety guard door which made the forklift unreasonably dangerous:

First, that the lack of a safety guard door, individually or when combined with other design elements, identified by Ms. Anderson existed in the forklift;

Second, that the lack of a safety guard door, individually or when combined with other design elements, made the forklift unreasonably dangerous;

Third, that the lack of a safety guard door, individually or when combined with other design elements, existed at the time the forklift left the control of Raymond;

Fourth, that Ms. Anderson was injured; and

Fifth, that the lack of a safety guard door, individually or when combined with other design elements, of the forklift was a proximate cause of Ms. Anderson's injuries.

If you find from your consideration of all the evidence that each these propositions has been proved, then your verdict should be Ms. Anderson. But if, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved, then your verdict should be for Raymond.

**Authority:**
Ill. Pattern Instr. 400.02

**Defendant's Instruction No. 26 (previously Defendant's Instruction No. 24)**

Commented [A10]: Plaintiff Objection.

If you find that Adelaida Anderson's injury was proximately caused by an unreasonably dangerous condition of the forklift, and if you also find that she failed to exercise ordinary care for her own safety in operating the forklift, and if you further find that the her fault in failing to exercise ordinary care for her own safety in operating the forklift was 50% or less of the total proximate cause of the injury for which recovery is sought, you must then determine the amount of damages to be awarded by you as follows:

First, you will determine what portion or percentage of fault is attributable to Adelaida Anderson's failure to exercise ordinary care in her operation of the forklift by not following The Raymond Corporation's instructions and the training she received in one or more of the following ways claimed by The Raymond Corporation:

1. She failed to keep the forklift under control;
2. She left the confines of the operating compartment while the forklift was still moving; and

what percentage of fault is attributable to The Raymond Corporation for an unreasonably dangerous condition of the forklift.

Second, you will determine the total amount of damages to which Adelaida Anderson would be entitled under the court's instructions if Adelaida Anderson had exercised ordinary care for her own safety in operating the forklift;

Third, you will reduce the total amount of Adelaida Anderson's damages by the percent of her fault for her failure to exercise ordinary care for her own safety in operating the forklift;

Fourth, you will determine if the Estate of Jeff Anderson has proved that Jeff Anderson sustained damages that were proximately caused by the accident.

Fifth, if you find that the Estate of Jeff Anderson has proved that Jeff Anderson sustained damages that were proximately caused by the accident, you will determine the total amount of damages to which Jeff Anderson would be entitled under the court's instructions if Adelaida Anderson had exercised ordinary care for her own safety in operating the forklift.

Sixth, you will reduce the total amount of the Estate of Jeff Anderson's damages by the percent of Adelaida Anderson's fault for her failure to exercise ordinary care for her own safety in operating the forklift.

**Authority:**
IPI No. 400.03 Modified by

*Freislinger v. Emro Propane, Co.*, 99 F.3d 1412, 1417 (7th Cir. 1996)
*Country Mut. Ins. Co. v. Sunbeam Products, Inc.*, 500 F. Supp 2d 986, 990 (N.D. Ill. 2007)
*Bryant v. Kroger Co.*, 212 Ill. App. 3d 335, 570 N.E.2d 1209 (3d Dist. 1991) (loss of consortium claim belongs to estate of deceased injured party)

Given ______ Refused __X__

*Used last time

**Defendant's Instruction No. 32 (previously Defendant's Instruction No. 29)**

Commented [A15]: Plaintiff Objection.

If you decide for Ms. Anderson on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate her for any of the following elements of damages proved by the preponderance of the evidence to have resulted from the unreasonably dangerous condition of the Model 4250 forklift. You should take into consideration the nature, extent, and duration of the injury. You should consider:

1. the disfigurement resulting from the injury;
2. the loss of normal life experienced and reasonably certain to be experienced in the future, as a result of the injuries;
3. the pain and suffering experienced, and reasonably certain to be experienced in the future, as a result of the injuries;
4. the emotional distress experienced and reasonably certain to be experienced in the future;

Whether any of these elements of damages has been proved by the evidence is for you to determine.

**Authority:**
Ill. Pattern Instr. 30.01
Ill. Pattern Instr. 30.04

Given ______ Refused ______

**Plaintiff's Instruction No. 32 (previously Plaintiff's Jury Instruction No. 31)**

Commented [A16]: Defendant Objection.

If you decide for Ms. Anderson on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate Ms. Anderson for any of the following elements of damages proved by the preponderance of the evidence to have resulted from the unreasonably dangerous condition of the Model 4250 forklift. You should take into consideration the nature, extent, and duration of the injury.

With respect to Ms. Anderson's claims you should consider:

**Defendant's Instruction No. 34 (previously Defendant's Instruction No. 31)**

Commented [A17]: Plaintiff Objection.

If you find that Ms. Anderson is entitled to damages arising in the future because of injuries, you must determine the amount of these damages which will arise in the future. If these damages are of a continuing nature, you may consider how long they will continue. If these damages are permanent in nature, then in computing these damages you may consider how long Ms. Anderson is likely to live.

**Authority:**
Ill. Pattern Instr. 34.01, modified by damages stipulation

Given ✓ Refused ________

**Plaintiff's Instruction No. 34 (previously Plaintiff's Instruction No. 33)**

Commented [A18]: Defendant Objection.

If you find that Ms. Anderson is entitled to damages arising in the future because of injuries, future medical expenses, loss of earnings, loss of society, or loss of companionship and sexual relations, you must determine the amount of these damages which will arise in the future. If these damages are of a continuing nature, you may consider how long she will continue. If these damages are permanent in nature, then in computing these damages you may consider how long Ms. Anderson is likely to live. With respect to a loss of future earnings, you may consider that some persons work all their lives and others do not; that a person's earnings may remain the same or may increase or decrease in the future.

**Authority:**
Ill. Pattern Instr. 34.01

Given ______ Refused ✓

*Used last time

reserved for ruling → get w/ parties on new proposal