IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADELAIDA ANDERSON, individually, and as Administrator of the Estate of Jeffrey Lee Anderson, Deceased,<br><br>**Plaintiff,**<br><br>v.<br><br>THE RAYMOND CORPORATION,<br><br>**Defendant.** | Case No. 19-CV-00800 |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is Plaintiff Adelaida Anderson's Motion to Include Pre-Judgment Interest in Forthcoming Judgment. (Doc. 382). Anderson seeks application of an Illinois statute that governs prejudgment interest in personal injury and wrongful death cases. *See* 735 ILCS 5/2-1303. Under section 1303(c), in personal injury or wrongful death actions, "the plaintiff shall recover prejudgment interest on all damages, except punitive damages, sanctions, statutory attorney's fees, and statutory costs, set forth in the judgment." "The statute requires prejudgment interest on damages (with a few exceptions) at a rate of 6% per annum." *Costa v. Ramaiah*, 2022 WL 7501146, at *1 (N.D. Ill. Oct. 13, 2022) (citing 735 ILCS 5/2-1303). "But under the statute, the amount of prejudgment interest can vary, depending on the existence and amount of a settlement offer." *Costa*, 2022 WL 7501146, at *1. "Basically, the statute rewards defendants for making prompt settlement offers." *Id.* "If the judgment is higher than the settlement offer, then the plaintiff can recover

prejudgment interest only on the delta between the judgment and the settlement offer." *Id.* "But if the judgment is lower than the settlement offer, then the plaintiff cannot recover prejudgment interest at all." *Id.* "So, the defendant does not have to pay prejudgment interest on the portion of a judgment that is equal to the amount of a settlement offer." *Id.*

In response, Defendant Raymond Corporation, citing a few Illinois circuit court rulings, states that the Illinois statute was unconstitutional on many fronts and that the statute is fundamentally unfair in its application regardless of constitutionality. While constitutionality of the statute may be in doubt, as things stand, it appears that most courts have upheld it, even on appeal. The Court also points out that "[u]nder Illinois law, the decisions of circuit courts have no precedential value . . . ." *Delgado v. Bd. of Election Comm'rs of City of Chicago*, 224 Ill. 2d 481, 488, 865 N.E.2d 183, 188 (2007). While Raymond has brought up many valid examples of why the statute is confounding and facially unfair, the Court will not strike it down. Plaintiff Adelaida Anderson's Motion to Include Pre-Judgment Interest in Forthcoming Judgment (Doc. 382) is **GRANTED**.

    IT IS SO ORDERED.

    DATED:   March 26, 2024

    *s/ Stephen P. McGlynn*
    STEPHEN P. McGLYNN
    U.S. District Judge