IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ADELAIDA ANDERSON,** individually, and as Administrator of the Estate of Jeffrey Lee Anderson, Deceased,<br><br>**Plaintiff,**<br><br>v.<br><br>**THE RAYMOND CORPORATION,**<br><br>**Defendant.** | Case No. 19-CV-00800 |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

  Defendant Raymond Corporation has filed a renewed Motion for judgment as a matter of law and for new trial under Federal Rule of Civil Procedure 50. (Doc. 415). On July 11, 2024, the Court held a hearing on the motion and the parties provided additional argument. (Doc. 426)

  Under Rule 50, a party may make a motion for judgment as a matter of law any time before the case is submitted to the jury. FED. R. CIV. P. 50(a)(2). No later than 28 days after the entry of judgment, the movant may file a renewed motion for judgment as a matter of law. FED. R. CIV. P. 50(b). Rule 50 specifically allows parties to file a motion for new trial under Rule 59 contemporaneously with a renewal of their motion for judgment as a matter of law under Rule 50. FED. R. CIV. P. 50(b).

  Rule 50 allows a district court to enter judgment against a party who has been fully heard on an issue during a jury trial if a "reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P.

50(b). In weighing a Rule 50 motion, the "court construes the evidence strictly in favor of the party who prevailed before the jury and examines the evidence only to determine whether the jury's verdict could reasonably be based on that evidence." *Passananti v. Cook County*, 689 F.3d 655, 659 (7th Cir. 2012) (citing *Tart v. Illinois Power Co.*, 366 F.3d 461, 464 (7th Cir. 2004)).

The Court must not "make credibility determinations or weigh the evidence." *Passananti*, 689 F.3d at 659 (citing *Waite v. Board of Trustees of Illinois Comm. College Dist. No. 508*, 408 F.3d 339, 343 (7th Cir. 2005)). Additionally, "the court 'must disregard all evidence favorable to the moving party that the jury [was] not required to believe.'" *Id.* (quoting *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150-151 (2000)). "Because the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion." FED. R. CIV. P. 50(b), comm. note (2006 amend.).

Raymond argued that no reasonable juror could find for Plaintiff Adelaida Anderson. Raymond contended that Anderson was permitted to bolster her case with irrelevant, improper, and prejudicial evidence. Raymond also disagreed with the Court's questioning of one of its expert witnesses, stating that it was improper and prejudicial. Last, Raymond argued that the jury's award for increased future harm was unsupported.

As the Court discussed at the hearing, considering all of the arguments presented, the evidence in the record could properly support the verdict returned by the jury. Additionally, there is no evidence that the jury was presented with inaccurate or misleading evidence favoring Anderson that weighs in favor of granting

Raymond a new trial. Furthermore, the Court's questioning was not improper or prejudicial. *See Kapelanski v. Johnson*, 390 F.3d 525, 535 (7th Cir. 2004). Judicial questioning is particularly appropriate where, as here, the witness was not answering questions "as asked" and the jury was instructed on inferences from the questioning. *Id*. Moreover, the jury was properly instructed on increased future harm and the Court will not disturb its award based on the evidence presented. For all these reasons, Raymond's renewed Motion for judgment as a matter of law and for a new trial (Doc. 415) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:   July 12, 2024**

**s/ *Stephen P. McGlynn***
**STEPHEN P. McGLYNN**
**U.S. District Judge**
